UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:05CR745 HEA |
| | ) |
| TRAVIS LAMAR NORMAN, | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Magistrate Judge Thomas C. Mummert's Report and Recommendation that Defendant Travis Norman's Motion to Suppress Evidence and Statements, [Doc. No. 24], be denied; that defendant's Motion to Suppress Statements [Doc. No. 24], be granted; and that defendant's Motion to Sever Counts, [Doc. No. 23], be denied. Defendant has filed written objections to the Report and Recommendation arguing that Judge Mummert's Report and Recommendation is against the weight of the evidence and the law.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Defendant presumably objects to the entire Report and Recommendation since no specific finding or

conclusion is presented. Further, defendant presents no specific authority for his position, rather, he generally argues, in his motion to suppress, that his constitutional rights would be violated without suppression. In its *de novo* review, the Court has considered the record before it and has listened to the audio recording of the evidentiary hearing in its entirety.

On June 29, 2006, Judge Mummert held an evidentiary hearing on defendant's motion to suppress evidence and statements and his motion to sever counts.

Defendant does not attack the credibility of the witnesses who testified at the hearing. Defendant also did not present any evidence to controvert the testimony of the witnesses. The Report and Recommendation submitted by Judge Mummert clearly and accurately sets forth the facts from the testimony of these witnesses.

## Discussion

Defendant, in objecting to Judge Mummert's recommendation, states that Judge Mummert's ruling was against the weight of the evidence and law. Defendant incorporates by reference all arguments he made in his Motion to Suppress Evidence and Statements, with no specific objections as to Judge Mummert's conclusions.

**November 24, 2004**

As the testimony established, defendant was stopped for the traffic violation of crossing over a lane divider on November 24, 2004 by Officer Hart. Officer Hart had been following defendant at the time in order to stop him if he violated a traffic law. After being stopped, defendant fled and, while fleeing, discarded a bag of crack cocaine which was retrieved by Officer Taylor. Defendant was arrested for possession of a controlled substance. His car was searched incident to this arrest. A bag of cocaine was discovered and seized.

The traffic stop was not pretextual. "It is well established, however, that any traffic violation, no matter how minor, provides an officer with probable cause to stop the driver of the vehicle." *United States v. Pereira-Munoz*, 59 F.3d 788, 791 (8th Cir. 1995). Furthermore, defendant abandoned the crack cocaine while he was fleeing from the police and a warrantless search of the abandoned property does not violate the Fourth Amendment. *United States v. Segars*, 31 F.3d 655, 658 (8th Cir. 1945). The search of defendant's vehicle incident to his arrest and the seizure of the cocaine were proper. *United States v. Flatten*, 230 F.3d 1083, 1085-86 (8th Cir. 2000).

**February 15, 2005**

Police officers observed the car defendant had been driving on November 26, 2004 at his residence on February 15, 2005. They knocked on the door a number of

times with no response.  They observed movement from within.  They had reason to believe defendant was inside the residence.  The door was breached, and a black male from inside fired a gun at the police officers.  Defendant was arrested outside of his residence following the shooting.

As Judge Mummert reports, there was a pending arrest warrant for the arrest of defendant and therefore, his arrest was valid.  *Steagall v. United States*, 451 U.S. 204, 213 (1981); *United States v. West*, 517 F.2d 483, 485 (8th Cir. Cir. 1975).

After defendant's arrest, police officers obtained a search warrant for the search of defendant's residence.  Prior to the issuance of the search warrant, the officers were making sure no one else in the residence had a firearm and to secure the area for the safety of the officers.  Subsequent to the issuance, they were searching for the firearm used in the shooting.  As Judge Mummert's analysis thoroughly details, probable cause existed for the issuance of the warrant.  The gun and marijuana discovered and seized from inside the house were validly recovered.

**Motion to Sever Counts**

Defendant contends that the denial of the Motion to Sever Counts makes it impossible for defendant to receive a fair trial on the counts which occurred many months apart from each other if they are all charged in the same indictment.  He argues that the jury may determine he is guilty of one or more counts and be swayed

by the prejudice of the other counts to convict him on counts where the evidence does not support a finding of guilt beyond a reasonable doubt. The Court is unpersuaded by this argument. The events took place within three months from each other. The events are similar to each other in that they relate to defendant's drug possession. See, Rule 8(a) of the Federal Rules of Criminal Procedure. Furthermore, as Judge Mummert correctly observes, the possibility of prejudice to a defendant from the joinder of offenses is diminished by the giving of separate verdict directors for counts involving distinct offenses and by instruction to the jury to consider each count and the relating evidence separately. *United States v. Lawson*, 173 F.3d 666, 671 (8th Cir. 1999).

## **Conclusion**

Defendant's objections to Judge Mummert's Report and Recommendation are overruled. The recommendations are not against the weight of the evidence or the law. The record establishes that the seizure of the evidence was proper under the facts giving rise to its seizure and the applicable law. The Court, therefore adopts the Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Suppress Evidence and Statements [Doc. No. 24], is denied as to evidence and granted as to any

statements made by defendant.

**IT IS FURTHER ORDERED** that defendant's Motion to Sever Counts, [Doc. No. 23], is denied.

Dated this 27th day of July, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE